warranty ; and further alleges that the appellee retained the engine for two years and used it, and then sold it. Appellee rejoins by alleging notice to the local agents, and that they waived written notice ; and alleging further that appellant failed to make the said engine fill the warranty, and that he did not return the engine, for the reason the appellant requested him to retain and not return it, and concludes to the country, etc. Appellant files a sur-rejoinder, denying, among other things, the waiver of written notice by Deyo Brothers, for the appellant, and also denies that appellant requested appellee to retain and not return said engine. Trial and verdict for defendant, on which judgment was entered for the defendant, from which judgment this appeal is taken. The judgment is reversed for modifications made by the court below to certain of appellant's instructions. The modifications were erroneous in that there was no evidence upon which to predicate them. Opinion by WELCH, J. Judge below, F. M. SHAW. Attorneys, for appellant, Mr. MILES FULLER; for appellee, Messrs. EDWARDS & EVANS. Opinion filed June 8, 1886.

No. 1446. Kelsey v. Snyder. The substance of the bill and amendment thereto in this case may be stated under two heads: 1st. That prior to the death of Ira F. Benson appellant claims to have been the equitable owner of an undivided one half interest in the " Milk Maid " lode, a silver mine situated in Custer county, Colorado, the legal title being in Benson in trust for her. 2d. That after the death of Benson, she, by means of false and fraudulent representations, was induced to execute an assignment to Fannie Snyder to a part of her claim against the estate of Benson to the extent of $2,000, and to direct his administrator to pay from dividends said $2,000, and to take from Fannie Snyder a deed to the one half interest in said mine as the consideration therefor, charging that said assignment was fraudulently obtained and was without any consideration, that she was already the owner of the undivided half interest in the mine, and that Fannie Snyder had no interest in, or right to convey the same. She prays that she may be decreed to be the owner in fee simple of the one half interest in the mine, and that the agreement by her with Fannie Snyder assigning $2,000 of her claim may be de

clared fraudulent and void. It is first insisted that the court
erred in sustaining the demurrer to parts of the amended bill.
There was no error in sustaining the demurrer. The parts of
the bill to which the demurrer was sustained were not rele-
vant or germane to the bill or to the amended bill. It is also
insisted that the court erred in sustaining exceptions to some
of the objections of the complainant as to conversations or
transactions with Benson in his lifetime. The court finds that
upon the introduction of Mrs. Kelsey's evidence, defendants
objected to such parts as referred to what passed between her
and Benson, on the ground that Benson was dead and defend-
ants objecting as heirs and administrators respectively. The
objection was made in apt time and the evidence was incompe-
tent under section 2, Chap. 51, R. S. Ill. While the court
finds that some of the exceptions taken by the appellant to the
evidence should have been sustained, still it is satisfied that there
is in this record sufficient evidence against which no valid objec-
tion could be urged to sustain the decree in this case. The court
also finds that appellant, after the sale by Fannie Snyder to the
complainant of one half interest in this mine, made a contract
with Horine Bros. & Co., for the sale to them of her half in-
terest in this mine. It is dated September 18, 1880, and pro-
vides for the payment to her of $2,000, $500 cash and $1,500
out of the first yield of the mine. On this contract she re-
ceived $500 ; the contract still remains uncollected and unsat-
isfied. She has by this contract made it impossible for her to
place the other party in *statu quo.* The rule is inflexible that
a party can not rescind a contract of sale and at the same time
retain the consideration received. "He who seeks equity must
do equity." Smith v. Buttenher, 109 Ill. 550. It is claimed
that the proceeds of this sale are assets in the hands of the
administrator. This sale did not place in the hands of the
administrator one dollar. The administrator had nothing to
do and could have nothing to do with the mine in Colorado
He did not assume to have anything to do with it and no
part of the $2,000 was derived from it. His appointment
gave him power over the personalty and the right to sell the
real estate of Benson in this State for the payment of debts
under the order of the county court. Finding no substantial
error in this decree it is affirmed. Opinion by WELCH, J.

Judge below, C. BLANCHARD. Attorneys, for appellant, Mr. GRANVILLE M. BROWNING; for appellee, Mr. CHARLES A. HILL. Opinion filed June 14, 1886.

### THIRD DISTRICT.

No. 33. Decatur and Springfield R. R. Co. v. Ervin et al. The defendants in error recovered of the plaintiff in error a sum found to be due for rebate upon certain shipments of grain. The record being brought here, the question is presented whether the contracts under which the defendant below agreed to make the rebate were valid and binding as between the parties thereto. The Supreme Court has settled the point involved adversely to the plaintiff in error : T. W. & W. R. R. Co. v. Elliott et al., 76 Ill. 67; The P. D. & E. Ry. Co. v. Cecil et al., 112 Ill. 180. The judgment is therefore affirmed. Opinion PER CURIAM. Judge below, J. W. WILKIN. Attorneys, for appellant, Mr. JAMES A. EADS; for appellee, Mr. C. C. CLARK and Messrs. NELSON & HARNSBERG. Opinion filed Jan. 6, 1886.

No. 10. Douglass et al. v. McCord et al. This case was here at a former term—12 Bradwell, 278. The bill as originally framed, was upon the theory that complainants had a lien as subcontractors, and as it appeared there was but little due under the contract, it was held the decree in favor of complainants for the full amount of their bill could not stand. After the cause was remanded the circuit court granted leave to amend the bill so as to charge that the contract was made directly with the lot owners for the materials in question, in pursuance of a provision in the contract between the lot owners and the builder that the former should pay for the materials used in the construction of the house to the parties furnishing the same. Upon the second hearing the issues were found for complainants and a decree was entered in the usual form for $393.77. The sole question for decision is whether there was sufficient evidence to warrant the decree. Affirmed. Opinion by WALL, P. J. Judge below, C. B. SMITH. Attorneys, for appellants, Mr. S. R. REED; for appellee. Mr. W. G. CLOYD and Messrs. LODGE & HUSTON. Opinion filed Jan. 6, 1886.